IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD COMBS-HARRIS AND JARROD COMBS-HARRIS<br><br>Plaintiffs,<br><br>v.<br><br>CARVANA, LLC<br><br>Defendant. | Case No. 2:22-cv-04845 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT
CARVANA, LLC'S MOTION TO DISMISS PLAINTIFFS'
<u>COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)</u>**

Dated: February 10, 2023         **LeVAN STAPLETON SEGAL COCHRAN LLC**

<u>/s/ Peter H. LeVan, Jr.</u>
Peter H. LeVan, Jr. (I.D. No. PA 83456)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 561-1500
plevan@levanstapleton.com

*Attorneys for Defendant Carvana, LLC*

## **TABLE OF CONTENTS**

**Background** ............................................................................................................................... 3

**Argument** .................................................................................................................................... 4

    I.   Legal Standard ................................................................................................................ 4

   II.   Plaintiffs' Section 1981 and 1982 Claims Fail As a Matter of Law ................... 5

          A.    Mere Delays in Completing a Transaction Are Insufficient
to State a Claim Under Sections 1981 and 1982 ................................. 6

          B.    Plaintiffs Cannot State a Section 1981 or 1982 Claim
Because They Cancelled the Delivery .................................................. 8

          C.    Plaintiffs' Rights Under Section 1981 and 1982 Were
Not Impaired ............................................................................................ 10

          D.    Carvana Did Not Intentionally Discriminate Against Plaintiffs. ...... 11

**Conclusion** ............................................................................................................................... 13

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abdul v. Gamesa Tech. Corp.*,
   2012 WL 1344391 (E.D. Pa. Apr. 18, 2012) .................................................................. 6

*Abdullah v. Small Bus. Banking Dep't of the Bank of Am.*,
   2013 WL 1389755 (E.D. Pa. Apr. 4, 2013) .................................................................. 11

*Ackerman v. Food-4-Less*,
   1998 WL 316084 (E.D. Pa. June 10, 1998) ................................................................ 12

*Alexander v. JPMorgan Chase Bank*,
   2021 WL 1061833 (S.D.N.Y. Mar. 18, 2021) ............................................................... 7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................................. 4, 5

*Bailey v. Harleysville Nat'l Bank Trust Co.*,
   2005 WL 2012024 (E.D. Pa. Aug. 22, 2005) ............................................................... 6

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ..................................................................................................... 4

*Brown v. Philip Morris Inc.*,
   250 F.3d 789 (3d Cir. 2001) ............................................................................... 5, 6, 10

*Cavalier v. Speedway, LLC*,
   2022 WL 900195 (N.D. Ill. Mar. 28, 2022) ............................................................. 2, 8

*Chong v. 7-Eleven, Inc.*,
   2019 WL 1003135 (E.D. Pa. Feb. 27, 2019) ............................................................... 5

*City of Pittsburgh v. West Penn Power Comp*,
   147 F.3d 256 (3d Cir. 1998) ......................................................................................... 9

*Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*,
   140 S. Ct. 1009 (2020) ................................................................................................. 8

*Cummings v. Citizens Bank*,
   2008 WL 53272 (E.D. Pa. Jan. 3, 2008) ....................................................................... 9

*Durham v. Phila. Prison Sys.*,
  2018 WL 6179524 (E.D. Pa. Nov. 26, 2018) .............................................................. 11

*Farmer v. Am. Home Med. Equip. & Servs., Inc.*,
  2018 WL 878367 (E.D. Pa. Feb. 14, 2018) ........................................................*passim*

*Funayama v. Nichia Am. Corp.*,
  2009 WL 1437656 (E.D. Pa. May 20, 2009) ............................................................ 11

*Gary v. N.J. Div. of Consumer Affairs*,
  2011 WL 4467781 (E.D. Pa. Sep. 22, 2011) ............................................................... 6

*Gross v. R.T. Reynolds, Inc.*,
  487 F. App'x 711 (3d Cir. 2012) ............................................................................... 12

*Linder v. SWEPI LP*,
  2013 WL 521898 (M.D. Pa. Feb. 11, 2013), *aff'd*, 549 F. App'x 104 (3d
  Cir. 2013) ..................................................................................................................... 7

*Lopez v. Target Corp.*,
  676 F.3d 1230 (11th Cir. 2012) .................................................................................. 7

*Mack v. AAA Mid-Atlantic, Inc.*,
  511 F. Supp. 2d 539 (E.D. Pa. 2007) ........................................................................ 10

*McCrea v. Saks, Inc.*,
  2000 WL 1912726 (E.D. Pa. Dec. 22, 2000) .............................................................. 7

*Mendez v. Pizza Hut of Am., Inc.*,
  2002 WL 31236088 (N.D. Ill. Oct. 2, 2002) ............................................................... 9

*Morrow v. Balaski*,
  719 F.3d 160 (3d Cir. 2013) ....................................................................................... 4

*O'Connor v. J.C. Penney Corp.*,
  2018 WL 2416423 (N.D. Ala. May 29, 2018) ............................................................ 7

*Rose v. Walmart Corp.*,
  2022 WL 170640 (E.D. Pa. Jan. 19, 2022) ............................................................... 11

*Sands v. McCormick*,
  502 F.3d 263 (3d Cir. 2007) ....................................................................................... 5

*Saunders v. Art Council of Princeton*,
  2021 WL 6124315 (3d Cir. Dec. 28, 2021) ................................................................ 6

*Sentinel Trust v. Universal Bonding Ins. Co.*,
    316 F.3d 213 (3d Cir. 2003) .................................................................................... 5

*Soo San Choi, et al. v. D'Appolonia, et al.*,
    252 F.R.D. 266 (W.D. Pa. 2008) ............................................................................. 6

*Sylvester v. Sw. Energy Prod. Co.*,
    2009 WL 3633835 (M.D. Pa. Nov. 2, 2009) ........................................................... 7

*Warren Gen. Hosp. v. Amgen Inc.*,
    643 F.3d 77 (3d Cir. 2011) ....................................................................................... 5

*York v. JPMorgan Chase Bank*,
    2019 WL 3802535 (D. Ariz. Aug. 12, 2019) ....................................................... 1, 6

**Statutes**

42 U.S.C. § 1981 ............................................................................................... *passim*

42 U.S.C. § 1982 ............................................................................................... *passim*

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 4

This case is the result of Plaintiffs' frustration that their vehicle delivery was delayed because they initially refused to provide identification. Plaintiffs purchased a vehicle from Carvana and arranged to have it delivered on October 15, 2022. [Complaint ("Compl.") (ECF 1) ¶ 10.] Plaintiffs got into a disagreement with Carvana's delivery driver regarding Carvana's post-sale verification requirement that customers taking delivery of a vehicle provide a "selfie" and a picture of their driver's license. [*Id.* ¶¶ 11–14 (describing Plaintiffs "complaining about [the delivery driver's] requests").] Shortly thereafter, the delivery driver informed Plaintiffs that their delivery would be "reschedule[d]." [*Id.* ¶ 17.] Instead of allowing Carvana to deliver the vehicle just days later, Plaintiffs cancelled the contract and purchased a different vehicle. [*Id.* ¶¶ 25, 29.]

Plaintiffs now contend they were discriminated against on the basis of race, asserting two causes of action against Carvana: (1) violation of 42 U.S.C. § 1981 ("Section 1981") (*id.* ¶¶ 19–26), and (2) violation of 42 U.S.C. § 1982 ("Section 1982") (*id.* ¶¶ 27–30). Even assuming, however, that the conclusory allegations in the Complaint are true, Plaintiffs' claims fail for a host of independent reasons.

First, as a matter of law, mere delay or inconvenience is insufficient to state a claim under Section 1981 or 1982. *See Farmer v. Am. Home Med. Equip. & Servs., Inc.*, No. CV 16-6211, 2018 WL 878367, at *5 (E.D. Pa. Feb. 14, 2018) (explaining that to state a claim under Section 1981 or 1982, a plaintiff must allege he or she was "actually prevented, not merely deterred, from making a purchase or receiving a service"); *York v. JPMorgan Chase Bank*, No. CV-18-04039-PHX-SPL, 2019 WL 3802535, at *3 (D. Ariz. Aug. 12, 2019)

("Courts have repeatedly held that there is no actual loss of a contract interest if . . . there is a delay based on racial discrimination.").

Second, a plaintiff cannot demonstrate the "but for" causation required to sustain a Section 1981 or 1982 claim where, as occurred here, the plaintiff, rather than the defendant, terminated the transaction. *See, e.g.*, *Cavalier v. Speedway, LLC*, No. 20-cv-03883, 2022 WL 900195, at *4 (N.D. Ill. Mar. 28, 2022) ("[A] plaintiff cannot maintain a § 1981 claim when the plaintiff is the one responsible for terminating the transaction . . . . This is true even if the plaintiff left the establishment because of what they perceived to be racial animus."). Carvana's "reschedul[ing]" of the delivery thus cannot form the basis of a legitimate claim, particularly where Plaintiffs, not Carvana, cancelled the transaction. [*Infra* § II(B).]

Third, Section 1981 and 1982 claims require a violation of an actual contract or property right. *See* 42 U.S.C. §§ 1981, 1982. But here, nothing in the parties' contract entitled Plaintiffs to delivery on a specific date. [*Infra* p. 3.] Nor did the parties' contract make time of the essence. [*Infra* p. 10.] Thus, Plaintiffs' Complaint also fails to identify any actual contract or property right allegedly violated. [*Infra.* § II(C).]

Fourth, Plaintiffs fail to allege facts plausibly demonstrating that Carvana's delivery driver discriminated based on Plaintiffs' race. [*Infra* pp. 11–13.] Plaintiffs do not allege that Carvana's post-sale verification requirements, such as providing selfies as is required of all customers before a vehicle is delivered, are dependent on race. [*See generally* Compl.] Instead, Plaintiffs' allegations demonstrate, at most, that Plaintiffs and the delivery driver got into a disagreement regarding the verification requirements for delivery, and thereafter

the delivery was rescheduled.  [*Id.* ¶¶ 13–14.]  Such allegations are insufficient as a matter of law to plausibly allege intentional discrimination.  *See, e.g.*, *Farmer*, 2018 WL 878367, at *4 (holding that plaintiff failed to plausibly allege racial animus where plaintiff refused to provide identifying information and there was a race-neutral basis for defendant's actions).

## Background

Plaintiffs purchased a vehicle (the "Vehicle") from Carvana pursuant to a Retail Purchase Agreement (the "RPA"), attached hereto as Exhibit 1.  [Compl. ¶ 10; RPA, Ex.1.]  The RPA did not provide a date-certain for delivery of the Vehicle.  [RPA at 1, Ex. 1.]  Instead, the RPA explained that Plaintiffs "may make arrangements with [Carvana] to have the Vehicle transported to a[] mutually agreed-upon location for [their] pick-up."  [*Id.*]

The RPA further provided that Plaintiffs agreed to "cooperate with [Carvana's] after-sale review and verification process."  [*Id.* at 3 ("The Vehicle sold to you is subject to an after-sale review and verification of the information you have provided to us. You agree to cooperate with the after-sale review and verification process.").]  Relevant here, Carvana's after-sale review and verification process requires customers to text the Carvana representative delivering the vehicle a "selfie" and a photo of their driver's licenses in advance of the delivery.  [*See* What happens at delivery?, *available at* https://www.carvana.com/help/pickup-and-delivery/what-happens-at-delivery ("Our Advocate will . . . request that you text [Carvana] a selfie with your driver's license.").]  Carvana requests this information before delivering a vehicle to any customer to, among other things, ensure the vehicle is delivered to the correct person and to detect identity theft.

The parties arranged for Carvana to deliver the Vehicle to Plaintiffs on October 15, 2022. [Compl. ¶ 10.] Consistent with Carvana's after-sale verification process, the Carvana representative delivering the Vehicle requested that Plaintiffs text a selfie and a photo of their driver's license prior to delivery. [*Id.* ¶¶ 11–12.] Plaintiffs, however, were irritated by this request and became verbally aggressive towards the Carvana representative. [*See id.* ¶ 13.] Thereafter, Carvana's delivery driver informed Plaintiffs that the delivery would be "reschedule[d]" and "apologize[d] . . . for [any] inconvenience." [*Id.* ¶ 17.] Plaintiffs, however, chose not to reschedule the delivery. [*Id.* ¶¶ 25, 29.] Instead, Plaintiffs cancelled their transaction with Carvana, allegedly purchased a vehicle from a different seller, and filed this lawsuit alleging racial discrimination. [*Id.*]

## Argument

### I. Legal Standard

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests whether the complaint is legally and factually sufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To survive a motion to dismiss, a plaintiff must allege facts that rise above speculation and conceivability to those that "show" a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678. In evaluating the plausibility of a plaintiff's claims, courts do not "accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013). A claim is only plausible where it contains "sufficient factual matter" that enables "the court to draw the reasonable inference that the defendant is liable

for misconduct alleged." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011). Allegations raising a "mere possibility" of liability are insufficient. *Iqbal*, 556 U.S. at 679.

In ruling on a motion to dismiss the court can consider documents "integral to or explicitly relied upon in the complaint," such as the contract on which a claim is based, as well as matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007) ("Generally, in ruling on a motion to dismiss, a district court relies on the complaint, attached exhibits, and matters of public record."); *Sentinel Trust v. Universal Bonding Ins. Co.*, 316 F.3d 213, 216 (3d Cir. 2003) ("[A] defendant may supplement the complaint by adding exhibits such as public records and other indisputably authentic documents underlying the plaintiff's claims."). Where the allegations of a complaint are contradicted by such documents, the document controls. *Chong v. 7-Eleven, Inc.*, No. 18-1542, 2019 WL 1003135, at *4 (E.D. Pa. Feb. 27, 2019) ("When allegations contained in a complaint are contradicted by the document it cites, the document controls.").

**II.    Plaintiffs' Section 1981 and 1982 Claims Fail As a Matter of Law**

To prevail on their Section 1981 claim, Plaintiffs must plausibly allege that: (1) Plaintiffs are members of a racial minority; (2) Carvana intended to discriminate against Plaintiffs based on Plaintiffs' race; and (3) Carvana's discrimination concerned an activity enumerated by the statute. *Brown v. Philip Morris Inc.*, 250 F.3d 789, 797 (3d Cir. 2001); 42 U.S.C. § 1981(a). Similarly, to prevail on a Section 1982 claim, Plaintiffs must allege and prove: (1) Carvana's racial animus; (2) that Carvana intentionally discriminated against Plaintiffs; and (3) that Carvana deprived Plaintiffs of their right to "purchase, lease, sell, hold, and convey real and personal property" because of their race. *Saunders v. Art Council*

*of Princeton*, No. 21-1118, 2021 WL 6124315, at *2 (3d Cir. Dec. 28, 2021); 42 U.S.C. § 1982.  If Plaintiffs fail to satisfy even one of these elements, their claim must be dismissed.  *See Abdul v. Gamesa Tech. Corp.*, No. 11-1946, 2012 WL 1344391, at *4 (E.D. Pa. Apr. 18, 2012) (dismissing Section 1981 claim where plaintiff failed to satisfy the first element); *see also Bailey v. Harleysville Nat'l Bank Trust Co.*, No. 04-1541, 2005 WL 2012024, at *6 (E.D. Pa. Aug. 22, 2005) (dismissing Section 1981 claim where plaintiff failed to "satisfy the requirement of the second element of a prima facie claim").

"Because of the historic interrelationship between [Section 1981 and Section 1982], courts have consistently construed them together."  *Brown*, 250 F.3d at 797.  Thus, Section 1981 and Section 1982 claims generally rise and fall together.  *See, e.g., Gary v. N.J. Div. of Consumer Affairs*, No. 10-3686, 2011 WL 4467781, at *3 (E.D. Pa. Sep. 22, 2011) ("[Plaintiff's] § 1982 claim fails based on the same deficiency as his § 1981 claim[.]"); *Soo San Choi, et al. v. D'Appolonia, et al.*, 252 F.R.D. 266, 272 (W.D. Pa. 2008) (similar).

### A. Mere Delays in Completing a Transaction Are Insufficient to State a Claim Under Sections 1981 and 1982.

To state a claim under Section 1981 or 1982, a plaintiff must allege that he or she was "actually prevented, not merely deterred, from making a purchase or receiving a service."  *Farmer v. Am. Home Med. Equip. & Servs., Inc.*, No. CV 16-6211, 2018 WL 878367, at *5 (E.D. Pa. Feb. 14, 2018).  As such, courts routinely hold that delays in completing a transaction are insufficient to state a claim under Section 1981 and 1982 as a matter of law.  *See, e.g., York v. JPMorgan Chase Bank*, No. CV-18-04039-PHX-SPL, 2019 WL 3802535, at *3 (D. Ariz. Aug. 12, 2019) ("Courts have repeatedly held that there

is no actual loss of a contract interest if . . . there is a delay based on racial discrimination."); *Alexander v. JPMorgan Chase Bank*, No. 19-CV-10811, 2021 WL 1061833, at *4 (S.D.N.Y. Mar. 18, 2021) ("[T]he weight of authority requires plaintiffs to allege that they were actually prevented (rather than delayed) from completing a transaction[.]"); *McCrea v. Saks, Inc.*, No. 00-CV-1936, 2000 WL 1912726, at *3 (E.D. Pa. Dec. 22, 2000) (dismissing Section 1981 claim because "plaintiff does not assert that the defendant refused to sell her the shirt in question; rather, she contends that the store . . . discouraged her from making the purchase[]").

For example, in *Lopez v. Target Corp.*, 676 F.3d 1230 (11th Cir. 2012), a store representative allegedly refused to complete plaintiff's transaction due to race. *Id.* at 1231–32. A different store representative, however, was willing to complete the transaction shortly thereafter. *Id.* As explained by the Court, the plaintiff's claim thus "boile[d] down to the assertion that he was delayed and mistreated during the process of making his purchase. But this allegation, standing alone, cannot establish a § 1981 claim." *Id.* at 1235; *see also O'Connor v. J.C. Penney Corp.*, No. 2:16-cv-02068-RDP, 2018 WL 2416423, at *3 (N.D. Ala. May 29, 2018) ("Plaintiff's allegations, which amount to an assertion that she was 'delayed and mistreated' when attempting to make her purchase, 'standing alone, cannot establish a § 1981 claim.'") (citations omitted).

This principle is consistent with general contract law, which recognizes that "[w]here time is not of the essence, the mere failure to perform on the date mentioned in a contract is not per se a breach[.]" *Sylvester v. Sw. Energy Prod. Co.*, No. 3:CV-09-1653, 2009 WL 3633835, at *3 (M.D. Pa. Nov. 2, 2009); *Linder v. SWEPI LP*, No. 1:11-CV-

1579, 2013 WL 521898, at *8 (M.D. Pa. Feb. 11, 2013), *aff'd*, 549 F. App'x 104 (3d Cir. 2013) (stating that where time is not of the essence, "a brief delay in performance does not constitute an actionable breach of contract[]").

Here, at most, the delivery of the Vehicle was **delayed.** Indeed, Plaintiffs concede as much in their Complaint by stating that Carvana contacted Plaintiffs to "reschedule," **not cancel**, the delivery. [*See* Compl. ¶ 17 (alleging that Carvana informed Plaintiffs that "[w]e're going to have to get your [sic] reschedule [sic] for today's delivery.").] Plaintiffs thus were not denied the ability to purchase a vehicle, and mere delay in completing the transaction is insufficient to state a claim under Section 1981 or 1982 as a matter of law.

### B. Plaintiffs Cannot State a Section 1981 or 1982 Claim Because They Cancelled the Delivery.

To state a claim under Section 1981 and 1982, the Supreme Court of the United States has made clear that "a plaintiff must initially plead and ultimately prove that, **but for** race, it would not have suffered the loss of a legally protected right." *Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media*, 140 S. Ct. 1009, 1019 (2020) (emphasis added). Where the party alleging discrimination cancels or abandons the transaction, but-for causation cannot be established and Section 1981 and 1982 claims fail as a matter of law. *See Cavalier v. Speedway, LLC*, No. 20-cv-03883, 2022 WL 900195, at *4 (N.D. Ill. Mar. 28, 2022) ("[A] plaintiff cannot maintain a § 1981 claim when the plaintiff is the one responsible for terminating the transaction . . . . 'This is true even if the plaintiff left the establishment because of what they perceived to be racial animus.'"); *see also Farmer*, 2018 WL 878367, at *5 (dismissing § 1981 claim where "[a]t worst, plaintiff was deterred

from making the purchase, which is insufficient to sustain a claim under § 1981"); *Cummings v. Citizens Bank*, No. A.07-1164, 2008 WL 53272, at *2 (E.D. Pa. Jan. 3, 2008) ("A [Section 1981] Plaintiff must allege that he 'was actually prevented, and not merely deterred, from making a purchase[.]'").

For example, in *Farmer*, the plaintiff alleged that a pharmacy required identifying information and medical records, allegedly not required for white customers, to obtain a medical device using insurance. *Farmer*, 2018 WL 878367, at *4. The plaintiff refused to provide the information, but the defendant informed plaintiff that she could still complete the transaction using cash. *Id.* Plaintiff, however, declined to proceed with the transaction. *Id.* The court held that plaintiff's Section 1981 claim failed because the defendant provided an option for completing the transaction, and thus, "[a]t worst, plaintiff was deterred from making the purchase, which is insufficient to sustain a claim under § 1981." *Id.* at *5; *see also Mendez v. Pizza Hut of Am., Inc.*, No. 02 C 1819, 2002 WL 31236088, at *3 (N.D. Ill. Oct. 2, 2002) ("It is well settled that a plaintiff cannot maintain a section 1981 claim when the plaintiff was the party responsible for terminating the transaction.").

Here, there is no allegation that Carvana cancelled the transaction. [*See generally* Compl.]; *City of Pittsburgh v. West Penn Power Comp*, 147 F.3d 256, 263 n.13 (3d Cir. 1998) (explaining that a court may not assume plaintiff can prove facts not pled in the complaint). To the contrary, after Carvana informed Plaintiffs that it needed to reschedule the delivery of the Vehicle, Plaintiffs cancelled their transaction with Carvana and purchased a vehicle from a different seller. [Compl. ¶ 17 (informing Plaintiffs that Carvana needed to "reschedule . . . today's delivery"); *id.* ¶ 25 (alleging that Plaintiffs purchased a

different "automobile . . . similar to the [Vehicle]"); *id.* ¶ 29 (similar).] Thus, Plaintiffs, not Carvana, prevented the contract from being performed, and Plaintiffs' claims fail as a matter of law.

### C. Plaintiffs' Rights Under Section 1981 and 1982 Were Not Impaired.

To satisfy the third element of a Section 1981 and 1982 claim, Plaintiffs must allege that Carvana's discrimination concerned an activity "enumerated in the statute[s]." *Brown*, 250 F.3d at 797. In other words, Plaintiffs must plead and prove the deprivation of an actual contract or property right. *See* 42 U.S.C. §§ 1981, 1982; *see also Brown*, 250 F.3d at 798 (stating that "deprivation[s] of contract or property rights [are] actionable" under Section 1981 and 1982, respectively).

Plaintiffs cannot satisfy this element. As explained above, the RPA did not entitle Plaintiffs to delivery of the Vehicle on a specific date. [*Supra* p. 3.] Rather, the RPA provided that Plaintiffs could "make arrangements with [Carvana] to have the Vehicle transported to a[] mutually agreed-upon location for [their] pick-up." [*See* RPA, Ex. 1, at 1.] Because the RPA did not guarantee delivery of the Vehicle on any specific date, and the RPA contained no provisions stating that time was "of the essence," no actual contract or property rights were impaired, and Plaintiffs cannot state a claim for violation of either statutory section. *See, e.g., Mack v. AAA Mid-Atlantic, Inc.*, 511 F. Supp. 2d 539, 544 (E.D. Pa. 2007) (dismissing a Section 1981 claim because the plaintiff did not "identify an impaired 'contractual relationship' . . . under which the plaintiff has rights[]").

### D. Carvana Did Not Intentionally Discriminate Against Plaintiffs.

Finally, to state a claim under Section 1981 or 1982, the plaintiff must plead facts demonstrating that the defendant's actions were "racially motivated and intentionally discriminatory." *Farmer*, 2018 WL 878367, at *4. "[A] plaintiff must do more than allege a series of unfortunate events and baldly allege that the defendants discriminated against him," particularly where there is a race-neutral basis for the alleged conduct. *Abdullah v. Small Bus. Banking Dep't of the Bank of Am.*, No. 13-305, 2013 WL 1389755, at *2 (E.D. Pa. Apr. 4, 2013); *Farmer*, 2018 WL 878367, at *4 (holding that plaintiff's complaint failed to plead that the defendant's conduct was intentionally discriminatory where, among other things, the allegations demonstrated "a race-neutral basis for" the alleged conduct).

Here, Plaintiffs' claims are premised on the conclusory assertion that Carvana requested selfies so that it could determine Plaintiffs' race. [Compl. ¶ 21.] But Plaintiffs' Complaint fails to allege any facts in support of this conclusory assertion. [*See generally* Compl.] For example, Plaintiffs' Complaint does not allege that this selfie process was only applicable to members of certain demographic groups or otherwise varied depending on race. *Durham v. Phila. Prison Sys.*, No. 18-CV-2113, 2018 WL 6179524, at *3 (E.D. Pa. Nov. 26, 2018) ("Conclusory allegations and generalized assertions are insufficient to state a claim."); *Rose v. Walmart Corp.*, No. 21-CV-4092, 2022 WL 170640, at *3 (E.D. Pa. Jan. 19, 2022) (dismissing Section 1981 claim because plaintiff "offer[ed] no facts to support his conclusory allegation of generalized racial bias"); *Funayama v. Nichia Am. Corp.*, No. 08-5599, 2009 WL 1437656, at *5 (E.D. Pa. May 20, 2009) ("Simply stating

that one endured race discrimination without presenting allegations suggestive of such conduct does not meet our pleading standards.").

To the contrary, in Carvana's standard contract, Carvana customers agree to "cooperate with" Carvana in the "after-sale review and verification process." [*See* RPA at 3, Ex. 1 ("The Vehicle sold to you is subject to an after-sale review and verification of the information you have provided to us. You agree to cooperate with the after-sale review and verification process.").] This process requires customers to text the Carvana representative delivering the vehicle a "selfie" and a photo of their drivers' licenses in advance of the delivery to detect and prevent identify theft. [*See* What happens at delivery?, *available at* https://www.carvana.com/help/pickup-and-delivery/what-happens-at-delivery ("Our Advocate will . . . request that you text [Carvana] a selfie with your driver's license.").]

Plaintiffs thus fail to plausibly allege intentional discrimination. *See Gross v. R.T. Reynolds, Inc.,* 487 F. App'x 711, 716–17 (3d Cir. 2012) (affirming dismissal of Section 1981 claim because the plaintiff "fail[ed] to allege how [the defendant] treated non-minority contractors any differently than it treated him"). Instead, at most, Plaintiffs' Complaint alleges that Plaintiffs and the delivery driver got into a disagreement following Plaintiffs refusal to comply with the after-sale verification process, and thereafter the delivery was rescheduled. [Compl. ¶¶ 13, 17.] Such generalized allegations, devoid of specific facts indicating discriminatory intent, are insufficient to state a claim. *Compare Ackerman v. Food-4-Less,* No. 98-CV-1011, 1998 WL 316084, at *2 (E.D. Pa. June 10, 1998) (finding that plaintiff sufficiently alleged intentional discrimination based on numerous racial slurs) *with Farmer*, 2018 WL 878367, at *4 (holding that plaintiff failed

to allege intentional discrimination where defendants allegedly informed plaintiff they were "'suspicious' of her" following plaintiff's refusal to provide requested information).

## Conclusion

For the foregoing reasons, Carvana respectfully requests that the Court dismiss Plaintiffs' Complaint with prejudice, allow Carvana to recover the attorneys' fees and costs incurred in connection with this matter, and award Carvana such further relief as the Court deems appropriate.

Dated: February 10, 2023    Respectfully submitted,

**LeVAN STAPLETON SEGAL COCHRAN LLC**

*/s/ Peter H. LeVan, Jr.*
Peter H. LeVan, Jr. (I.D. No. PA 83456)
One Liberty Place
1650 Market Street, Suite 3600
Philadelphia, PA 19103
(215) 561-1500
plevan@levanstapleton.com

*Attorneys for Carvana, LLC*