IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| REGINALD COMBS-HARRIS AND JARROD COMBS-HARRIS,<br><br>*Plaintiffs*,<br><br>v.<br><br>CARVANA, LLC,<br><br>*Defendant*. | Case No. 2:22-cv-4845-JDW |

### MEMORANDUM

Sometimes, someone does something wrong, but it doesn't cause a legal harm, so judges are powerless to do anything about it. As many judges have noted, a court is not the "Justice League. It cannot swoop in and address wrongs, real or perceived, wherever they appear." *Brown v. Wilson*, 2023 WL 1100345, at * 3 (E.D. Mo. Jan. 27, 2023).[1] Even taking the allegations that Reginald and Jarrod Combs-Harris make as true, they have not suffered a legal harm that I can remedy. So, I will grant the motion to dismiss that Carvana LLC has filed, and I will dismiss their case.

---

[1]   *See also Brummell v. Clemons-Abdullah*, No. 4:21-cv-01474-SRC, 2022 WL 1091137, at *3 (E.D. Mo. Apr. 12, 2022); *Long v. Clemons-Abdullah*, 4:21-cv-01395-SRC, 2022 WL 950862, at *5 (E.D. Mo. Mar. 30, 2022); *Wright v. United States*, 2:21-cv-01152-NR, at *4 (W.D. Pa. Jan. 6, 2022); *Lindsay v. State of Colorado*, No. 8:21-cv-00468, at *6 (D. Neb. Dec. 16, 2021); *Martin v. Coca Cola Consol., Inc.*, No. 1:20-cv-323-HAB, 2020 WL 5548690, at * 2 (N.D. Ind. Sept. 16, 2020).

I.  **BACKGROUND**

   A.  **Factual Background**

Reginald and Jarrod Combs-Harris reside in Upper Chichester, Pennsylvania. They are Black. On October 15, 2022, they purchased a 2016 BMW Seven Series from Carvana LLC, a company that operates a website that sells used cars and has them delivered to customers. The Combs-Harrises purchased the car pursuant to a Retail Purchasing Agreement ("RPA"). The RPA provides:

> When we transfer title and ownership of the Vehicle to you, you may take delivery of the Vehicle from us at our licensed dealership location shown above or you may make arrangements with us to have the Vehicle transported to another mutually agreed-upon location for your pick-up.

(ECF No. 8-2 at 1.[2]) That is the only language in the Agreement governing delivery.

The Combs-Harrises scheduled delivery of their BMW for October 15. A Carvana representative named "Shayla" contacted them that day. Shayla told the Combs-Harrises that Carvana's policy requires customers to provide "selfies" of themselves alongside their driver's licenses to prevent fraud. The Combs-Harrises complained over text and in turn received a phone call from Shayla stating that Carvana would not deliver if they did not comply. After sending the requested photos, the Combs-Harrises received a message from Shayla rescheduling delivery, apologizing for the inconvenience, and

---

[2] The Combs-Harrises did not attach the RPA to their Complaint, but they rely on it, and it is integral to their claims, so I can consider it. *See In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

instructing the Combs-Harrises to contact customer support for assistance. Customer support told the Combs-Harrises that Shayla cancelled the delivery because the Combs-Harrises' conduct made her uncomfortable. The Combs-Harrises then cancelled the order with Carvana and bought a car elsewhere.

### B. Procedural History

The Combs-Harrises filed suit on December 6, 2022. They assert claims of intentional discrimination under 42 U.S.C. §§ 1981 and 1982, alleging that Carvana breached their contract when it failed to deliver the BMW on October 15, 2022. Carvana filed its motion to dismiss on February 10, 2023. That motion is now ripe.

## II. LEGAL STANDARD

A district court may dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Rather than require detailed pleadings, the "Rules demand 'only a short and plain statement of the claim showing that the pleader is entitled to relief[.]'" *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3d Cir. 2016) (quotation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (same). In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 786–87 (same). First, the court must identify the elements needed to set forth a particular claim. *Id.* at 787. Second, the court should identify conclusory allegations, such as legal conclusions, that are not entitled to the

presumption of truth. *See id.* Third, with respect to well-pleaded factual allegations, the court should accept those allegations as true and "determine whether they plausibly give rise to an entitlement to relief." *Id.* (quotation omitted). The court must "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Id.* at 790 (citation omitted).

## III.  DISCUSSION

For the Combs-Harrises to plead a viable Section 1981 claim, they must allege that (1) that they are members of a racial minority; (2) Carvana intended to discriminate against them based on their race; and (3) Carvana's racially discriminatory conduct abridged their contract or other rights enumerated by Section 1981(a). *See Brown v. Philip Morris, Inc.*, 250 F.3d 789, 797 (3d Cir. 2001). To prevail on a Section 1982 claim, they must allege: (1) Carvana's racial animus; (2) that Carvana intentionally discriminated against them; and (3) that Carvana deprived them of their right to "purchase, lease, sell, hold, and convey real and personal property" because of their race. *Id.* "Because of the historic interrelationship between [Section 1981 and 1982], courts have consistently construed them together." *Id.* Even if I accept the Combs-Harrises' allegation that racial prejudice motivated Shayla (and, by extension, Carvana), they still cannot prevail because they did not suffer any harm to a protected interest.

At most, the Combs-Harrises suffered a delay in the delivery of their car. But the mere delay of performance did not abridge a contract right or frustrate their ability to

acquire the car. Many other courts have reached that conclusion, and I find their reasoning persuasive and consistent with the statutory language. *See, e.g., Alexander v. JPMorgan Chase Bank*, No. 19-CV-10811, 2021 WL 1061833, at *4 (S.D.N.Y. Mar. 18, 2021); *York v. JPMorgan Chase Bank*, No. CV-18-04039-PHX-SPL, 2019 WL 3802535, at *3 (D. Ariz. Aug. 12, 2019).

To avoid this problem, the Combs-Harrises argue that the RPA implied a time-is-of-the-essence provision. I disagree. The RPA did not promise a method of delivery. It promised that a Carvana representative would coordinate the Combs-Harrises to schedule a delivery. It did that, and then it failed to meet that scheduled delivery. That might have been an immaterial breach of the contract, but it did not deprive the Combs-Harrises of the benefit of the contract or prevent them from owning the car. It might have been wrong, but it wasn't actionable. None of the cases on which the Combs-Harrises rely hold otherwise.

The Combs-Harrises ultimate failure to receive the benefit of the RPA was not a function of anything that Carvana did. It was based on their decision to cancel the contract and get a car elsewhere. The Combs-Harrises dispute that and say that when Carvana didn't deliver, it materially breached the contract and therefore terminated the agreement. I disagree. A breach is material when it goes to the essence of a contract. *See Norfolk S. Ry. Co. v. Bassell USA Inc.*, 512 F.3d 86, 92-93 (3d Cir. 2008). The essence of the RPA is not the time of delivery, it is just the delivery of the car. A delay in that

delivery—especially a short one—was not a breach that threatened the essence of the contract. And, while the Combs-Harrises do not analyze the factors of Restatement (Second) of Contracts § 241, which Pennsylvania employs to determine materiality, none of those factors favor a conclusion that the date of delivery was a material term in the RPA. *See Int'l Diamond Importers, Ltd. v. Singularity Clark, L.P.*, 40 A.3d 1261, 1273 (Pa. Super. Ct. 2012).

## IV. CONCLUSION

Carvana might have discriminated in the way it treated the Combs-Harrises. If so, it should be condemned. But its discrimination did not deprive the Combs-Harrises of the benefit of the RPA, so there's no wrong for me to right. And, because it does not appear that there could be any amendment that would cure that problem, I will dismiss with prejudice. An appropriate Order follows.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
Joshua D. Wolson
United States District Judge

April 4, 2023